# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| JUAN J. HERANDEZ NEGRON, individually and on behalf of all others similarly situated<br>4255 W. 121st Street<br>Cleveland, OH 44135<br><br>AND<br><br>JENNIFER ACEVEDO DELVALLE, individually and on behalf of all others similarly situated<br>4255 W. 121st Street<br>Cleveland, OH 44135<br><br>      Plaintiffs<br>v.<br><br>FRANK & WOOLDRIDGE CO., LPA, A LEGAL PROFESSIONAL CORPORATION<br>℅ Gregory D. Wooldridge, Reg. Agent<br>2830 Annabelle Court<br>Grove City, OH 43123<br><br>      Defendant. | CASE NO.<br><br>JUDGE<br><br><br>MAGISTRATE JUDGE<br><br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br><br><br><br>JURY DEMAND ENDORSED HEREON |

      Plaintiffs Juan J. Hernandez Negron ("Negron") and Jennifer Acevedo Delvalle ("Delvalle" collectively with Negron, the "Plaintiffs"), individually and on behalf of all others similarly situated bring this Class Action Complaint for Damages against Defendant Frank & Wooldridge Co. LPA, a Legal Professional Corporation ("Defendant" or "FWC") and make the following allegations based on personal knowledge as to facts pertaining to its own experiences, and on information and belief, as well as investigation of counsel, as to all others and state as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Negron is a natural person who resides in Cleveland, Ohio and is a "consumer" as that term is defined by the Fair Debt Collection Practices Act.

2. Delvalle is a natural person who resides in Cleveland, Ohio and is a "consumer" as that term is defined by the Fair Debt Collection Practices Act.

3. FWC is a law firm incorporated under the laws of the State of Ohio and engaged in the practice of consumer debt collection and is a debt collector as the term is defined in the FDCPA.

4. This court has jurisdiction over this matter pursuant to 15 U.S.C. §§ 1692k(d) and 28 U.S.C. §§ 1331, as well as pursuant to 28 U.S.C. § 1367 for state law claims.

5. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391 as the incidents, events, or omissions complained of and giving rise to the instant claim or controversy occurred within this district.

## FACTUAL ALLEGATIONS

6. Plaintiffs executed a Loan Agreement with Mariner Finance in or about October 6, 2021 ("Loan Agreement"), which is a debt, as defined in 15 U.S.C. § 1692(a)(5), as Plaintiffs incurred the debt for their personal, household, or family use. A true and correct copy of the Loan Agreement executed by the Plaintiffs is attached as **Exhibit 1** to the Complaint.

7. The Loan Agreement recites an interest rate that violates state law by charging a rate of interest above twenty-one percent, which is the maximum amount of interest rate permitted by Ohio Revised Code § 1321.57.  *See* Exhibit 1 at p. 1; *see also* O.R.C. § 1321.57.

8. Ohio law does permit a rate, higher than twenty-one percent, provided that the Annual Percentage Rate (APR) does not exceed twenty-five percent (25%) per Ohio Revised Code § 1321.571. *Id.*

9. It is obvious on its face that the Loan Agreement violates state law in that it both charges a rate of interest and APR that is higher than the statutes permit. *Compare* Exhibit 1 with Ohio Revised Code § 1321.57..

10. Further violating state law is the fact that the Loan Agreement, while reciting an interest rate of 24.99% and an APR of 29.62%, instead charges Plaintiffs an interest rate of 29.62% and an even higher APR. *See* Exhibit 1 at p. 1.

11. FWC filed a collection case against Plaintiffs in Lorain County Court of Common Pleas captioned: *Mariner Finance, LLC v. Juan Hernandez, et al.*, Case No. 24CV211728, seeking to collect interest charged through the Loan Agreement including the interest rate and APR that exceed the statutory maximum (the "Lawsuit").

12. Because of the actions of FWC in filing the collection case, the Plaintiffs were forced to hire an attorney to defend the Lawsuit and have incurred reasonable attorney fees in the defense of the Lawsuit and the prosecuting of this case.

## CLASS ALLEGATIONS

13. **Class Definition.** Negron and Devalle bring this action pursuant to Federal Rule of Civil Procedure 23 on behalf of a class of similarly situated individuals (the "Class"), defined as follows:

> All persons in Ohio who FWC sought to collect loans on behalf of Mariner Finance at an interest rate exceeding 21% and an APR exceeding 25% within one year prior to the commencement of this action.

14. Excluded from the Class and Subclasses are the following individuals and/or entities: Defendant's parents, subsidiaries, affiliates, officers and directors, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; any and all federal, state or local

governments, including but not limited to its departments, agencies, divisions, bureaus, boards, sections, groups, counsels and/or subdivisions; and all judges assigned to hear any aspect of this litigation, as well as its immediate family members.

15. Plaintiffs reserve the right under Federal Rule of Civil Procedure 23 to amend or modify the Class definition to include a broader scope, greater specificity, further division into subclasses, or limitations to particular issues.

16. Plaintiffs reserve the right under Federal Rule of Civil Procedure 23(c)(4) to seek certification of particular issues.

17. **Numerosity:** Upon information and belief, the Class consists of more than 40 members, as a review of public records from Lorain County Court of Common Pleas Clerk of Court indicates that Defendant has commenced numerous collection actions on behalf of Mariner Finance. Although the exact number and identities of Class members is presently unknown, that information can be ascertained through discovery. Class members may be identified through Defendant's own records, as Class members necessarily provided FWC with their identifying information when they acquired the loans from Marine Finance and, in addition, Mariner Finance maintains information on each loan, as evidenced by the myriad of collection Defendant has filed against borrowers across the State of Ohio.

18. **Commonality and Predominance**: Commonality requires that the Class members' claims depend upon a common contention such that determination of its truth or falsity will resolve an issue that is central to the validity of each claim in one stroke. All members of the Class have been subject to and affected by a uniform course of conduct: specifically, being subjected to Mariner Finance's misrepresentations and overcharging of loans and then FWC initiating litigation seeking to enforce loans that are in violation of Ohio Revised Code § 1321.57.

19. **Typicality:** Plaintiffs' claims are typical of the claims of the Class. Plaintiffs and Class members all sustained injuries arising out of FWC's uniform wrongful conduct.

20. **Adequacy:** Plaintiffs will fairly and adequately represent and protect the interest of the Class members. Plaintiffs' claims are each made in a representative capacity on behalf of the Class members. Plaintiffs have no interests that are antagonistic to the interests of the other Class members. Plaintiffs have retained competent counsel to prosecute the case on behalf of the Plaintiff and the Class. Plaintiffs and Plaintiffs' Counsel are committed to vigorously prosecuting this action on behalf of the Class Members.

21. **Superiority:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by individual Class members will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual Class members to obtain effective relief from Defendants' misconduct. Even if Class members could mount such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be enhanced, and uniformity of decisions ensured.

**COUNT ONE: VIOLATIONS OF THE FDCPA**
**(15 U.S.C. § 1692, *et seq.*)**
*On behalf of the Plaintiffs and the Class*

22. Plaintiffs restate and incorporate each of the allegations contained in the preceding paragraphs as if fully rewritten herein.

23. Plaintiffs and each Class member are each a consumer as defined in 15 U.S.C. § 1692(a)(1).

24. The loans of the Plaintiffs and each Class member that were the subject of the Defendant's collection action are debts, as defined in 15 U.S.C. § 1692(a)(5), as they were each incurred for personal, household, or family use.

25. FWC is a debt collector as the term is defined in 15 U.S.C. § 1692(a)(6) as it was seeking to collect a debt on behalf of a third party Mariner Finance.

26. Based on the allegations herein, *supra*, and Exhibit 1, FWC actions in attempting to collect against Plaintiffs and Class Members each particular debt at issue constitute violations of the FDCPA, including, but not limited to the following sections:

    A. § 1692(d)—Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person;

    B. § 1692(e)—Making any false, deceptive, or misleading representation or means in connection with the debt collection;

    C. § 1692(e)(2)—Misrepresenting the character, amount, or legal status of the alleged debt;

    D. § 1692(f)—Engaging in any unfair or unconscionable means to collect or attempt to collect the alleged debt; and,

    E. § 1692(f)(1)—Engaging in an attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.

6

27. As a consequence of FWC's conduct, Plaintiffs and Class members suffered from actual damages, including, but not limited to the retention of legal counsel to defend against the collection actions, the collection of improper interest as to their respective loan agreements, legal fees, costs, and expenses, and damage to their credit standing.

28. As a consequence of FWC's conduct, Plaintiffs and Class members suffered actual non-economic damages in the form of emotional distress primarily in the forms of stress, anxiety, and frustration.

29. Plaintiffs and the Class members were harmed by and through the aforementioned violations committed by FWC and are entitled to an award of statutory damages, actual damages, and attorneys' fees and costs pursuant to 15 U.S.C. § 1692(k)(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Juan J. Hernandez Negron and Jennifer Acevedo Delvalle, individually, and on behalf of the Class, respectfully request an Order from this Court as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action and certifying the Class defined herein;

B. Designating Negron and Delvalle as representatives of the Class and their undersigned counsel as Class Counsel;

C. Awarding Negron, Delvalle and the Class statutory damages as applicable under federal law;

D. Awarding Negron, Delvalle and the Class all actual damages as applicable;

E. Awarding Negron, Delvalle and the Class their reasonable attorneys' fees and costs, including interest thereon, as allowed or required by law; and,

F. Granting all such further and other relief as this Court deems just and appropriate.

Respectfully Submitted,

*/s/ Jeffrey A. Crossman*
Jeffrey A. Crossman (0073461)
Marc E. Dann (0039425)
Brian D. Flick (0081605)
DannLaw
15000 Madison Avenue
Lakewood, OH 44107
(216) 373-0539
(216) 373-0536 (e-facsimile)
notices@dannlaw.com
*Counsel for Plaintiffs Juan J. Hernandez Negron,*
*Jennifer Acevedo Delvalle and the putative class.*

## JURY DEMAND

Plaintiffs hereby request a trial by jury on all issues, with the maximum number of jurors permitted by law.

*/s/ Jeffrey A. Crossman*
Marc E. Dann (0039425)
Jeffrey A. Crossman (0073461)
Brian D. Flick (0081605)
DannLaw
*Counsel for Plaintiffs Juan J. Hernandez Negron,*
*Jennifer Acevedo Delvalle and the putative class.*