**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JUAN HERNANDEZ NEGRON, et al.,** | ) | **CASE NO. 1:24 CV 02132** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **FRANK & WOOLRIDGE CO., LPA,** | ) | **MEMORANDUM OF OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING DEFENDANT'S MOTION TO STAY PENDING ARBITRATION** |
| **Defendant.** | ) | |

This matter is now before the Court on *Plaintiffs Juan Hernandez Negron and Jennifer Acevedo Delvalle's Motion for Reconsideration of Memorandum of Opinion and Order (ECF No. 14)*, (ECF #16), which asks the Court to reconsider and vacate its March 18, 2025 *Order* (ECF #15), and the accompanying *Memorandum of Opinion* (ECF #14), which *Order* granted *Defendant Frank & Woolridge Co., LPA's Motion to Stay and Compel Arbitration* (ECF #8).

For the reasons set forth below, *Plaintiffs Juan Hernandez Negron and Jennifer Acevedo Delvalle's Motion for Reconsideration of Memorandum of Opinion and Order (ECF No. 14)*, (ECF #16) is DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural background, as presented to the Court in the briefing on *Defendant Frank & Woolridge Co., LPA's Motion to Stay and Compel Arbitration* (ECF #8), and the preceding record of the case, is set forth in this Court's *Memorandum of Opinion and Order* (ECF #14), issued on March 18, 2025.

## II. LEGAL ANALYSIS

In the Sixth Circuit, motions for reconsideration are strongly disfavored and are appropriate only in rare, very limited, circumstances, as a high standard for granting such a motion applies. *See Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 809 (N.D. Ohio 2010). "In the Northern District of Ohio, a court may grant a motion for reconsideration if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Estate of Rodriguez v. United States*, No. 13-01559, 2017 U.S. Dist. LEXIS 61752, at *2 (N.D. Ohio Apr. 24, 2017); *Cequent Trailer Prods. v. Intradin (Shanghai) Mach. Co., Ltd.*, No. 1:05-CV-2566, 2007 U.S. Dist. LEXIS 33393, at *5 (N.D. Ohio May 7, 2007) (same). "The term 'clear error' is not well-defined in the Sixth Circuit, but it does 'clearly indicate[] that a high standard applies.'" *Forman v. Meridian Bioscience, Inc.*, 387 F. Supp. 3d 791, 796 (S.D. Ohio 2019) (quoting *Lonardo*, 706 F. Supp. 2d at 809).

"It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. Rather, the standard for granting a . . . motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Schaffer v. Horizon Pharma*

*PLC*, No. 16-CV-1763, 2016 U.S. Dist. LEXIS 83175, at *3-*4 (emphasis supplied, insert and omission in original).

In their *Motion for Reconsideration* (ECF #16), Plaintiffs contend the following:

> The basis of this Motion is that there is clear error involved in the decision in that (1) contracts under Ohio law and any terms set forth therein cannot be enforced if they are illegal, (2) the terms set forth in the subject Loan Agreement are clearly unconscionable, (3) factors pertinent to the Defendant's waiver of any right to arbitrate do not appear to have been fully considered, and (4) Ohio law requires a formal hearing on the enforceability of arbitration provisions before a decision can be rendered.

*Plaintiffs Juan Hernandez Negron and Jennifer Acevedo Delvalle's Motion for Reconsideration of Memorandum of Opinion and Order (ECF No. 14)*, (ECF #16, p.1, PageID #147).

Plaintiffs also repeat their contention that *Defendant Frank & Woolridge Co., LPA's Motion to Stay and Compel Arbitration* (ECF #8) – and by implication this Court's granting of that motion – amounts to an "attempt to avoid judicial scrutiny, . . . urging the Court to essentially dismiss the case and force the parties into a private forum away from any public scrutiny." (*See* ECF #16, *Memorandum in Support of Motion for Reconsideration*, p.3, PageID #149).

The Court has already extensively considered Plaintiffs' argument that the entire Loan Agreement at issue in this case was "unenforceable" and *void ab initio* (or void from the beginning), and determined that such issue is explicitly one left to arbitration:

> Here, Plaintiffs' arguments go to the merits of the case, namely whether the entire Loan Agreement is enforceable because of the allegedly illegal interest terms cited within it. The Loan Agreement provides that "[a]ny dispute or controversy that concerns the validity, enforceability or scope of the note as a whole is for the arbitrator, not a court, to decide." (ECF #1-1, *Note, Security Agreement & Arbitration Agreement (Ohio)*, PageID #12). "[C]hallenges [to] the contract as a whole on the ground that the illegality of one of the contract's provisions renders the whole contract invalid" are not pertinent to a Court's analysis on a motion to

> compel arbitration. *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010). A "challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 449 (2006). A party challenging the enforceability of an arbitration clause must tailor the challenge to the arbitration agreement itself. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967). When a party challenges the contract as a whole, the challenge is not a challenge to arbitrability, it is a merits argument for the arbitrator to address. *Id.*

(ECF #14, *Memorandum of Opinion and Order*, pp.10-11, PageID #131-#132). As pointed out in the Court's decision, Plaintiffs' Complaint in this case did not assert any claims specifically related to the arbitration provisions of the Loan Agreement. (*See* ECF #14, *Memorandum of Opinion and Order*, p.9, PageID #130) ("Plaintiffs' *Complaint* asserts only one allegation about the 'illegality' of the Loan Agreement, specifically, that it 'recites an interest rate that violates state law by charging a rate of interest [greater than] the maximum amount of interest rate permitted by Ohio Revised Code § 1321.57.' (ECF #1, *Complaint*, ¶¶ 6-12) (insert supplied).").

Plaintiffs' citation of *Granite Rock Co. v. Int'l Brotherhood of Teamsters*, 561 U.S. 287 (2010) does not change this analysis. (*See* ECF #16, *Memorandum in Support of Motion for Reconsideration*, p.3, PageID #150) ("In *Granite Rock*, the U.S. Supreme Court explicitly held that the trial court is responsible for deciding whether a dispute is arbitrable, which includes determining whether the parties are bound by a given arbitration clause.")). *See Granite Rock*, 561 U.S. at 296 ("[W]hether parties have agreed to "'submi[t] a particular dispute to arbitration'" is typically an "'issue for judicial determination.'"). The Court has found that the terms of the Arbitration Agreement clearly embrace the only issue challenged by Plaintiff's *Complaint*, the validity of the allegedly illegal interest terms of the Loan Agreement. (ECF #14, *Memorandum of Opinion and Order*, pp.10-11, PageID #131-#132). *See Granite Rock*, 561 U.S. at 296-97 (citing *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444 n.1 (distinguishing treatment of the

generally nonarbitrable question whether an arbitration agreement was "ever concluded" from the question whether a contract containing an arbitration clause was illegal when formed, which question we held to be arbitrable in certain circumstances).

The Court's *Memorandum of Opinion and Order* also, as Plaintiffs note, "thoroughly examined the procedural and substantive unconscionability claims." (ECF #16, *Memorandum in Support of Motion for Reconsideration*, p.6, PageID #150; *see* ECF #14, *Memorandum of Opinion and Order*, pp.11-18, PageID #132-#139). Plaintiffs' *Motion for Reconsideration* expresses disagreement with the conclusions drawn from that examination and analysis. (ECF #16, pp.6-10, PageID #152-#156). The Court does not find that the arguments raised by Plaintiffs' *Motion for Reconsideration* warrant vacation of its earlier *Memorandum of Opinion and Order* (ECF #14) and accompanying *Order* (ECF #15).

The Court's *Memorandum of Opinion and Order* also examined and considered Plaintiffs' arguments as to whether Defendant Frank & Woolridge waived its right to arbitrate. (ECF #14, *Memorandum of Opinion and Order*, pp.18-24, PageID #139-#145). Plaintiffs' *Motion for Reconsideration* also expresses disagreement with the conclusions drawn from that examination and analysis. (ECF #16, pp.10-13, PageID #156-#159). Again, the Court does not find that the arguments raised by Plaintiffs' *Motion for Reconsideration* warrant vacation of its earlier *Memorandum of Opinion and Order* (ECF #14) and accompanying *Order* (ECF #15).

Finally, the Court disagrees with Plaintiffs' contention that it was required to hold a hearing on whether to stay the case in favor of arbitration. While Plaintiffs argue that *Ohio* law requires hearings on arbitration, *see* OHIO REV. CODE § 2711.03,[1] (ECF #16, pp.13-14, ECF #159-

---

[1] Section 2711.03(A) provides, "The party aggrieved by the alleged failure of another to

#160), the arbitration issues before this Court are governed by the Federal Arbitration Act, as indicated in the Arbitration Agreement itself:

> **Applicable Law.** This Agreement relates to a credit transaction involving interstate commerce and is governed by the Federal Arbitration Act (9 U.S.C. § 1 *et seq.*) and only in the event and to the limited extent that the Federal Arbitration Act does not apply, the law of the state governing your note will apply.

(ECF #1-1, PageID #13).

Plaintiffs cite no authority for the proposition that Ohio Revised Code § 2711.03 applies to a federal district court. The provisions of the Federal Arbitration Act do not mandate an evidentiary hearing before this Court:

> In light of the fact that the court finds that the intent of these parties expressed in their written agreement, construed in accordance with federal substantive law concerning arbitration, resulted in an agreement to arbitrate, there is no justification for an evidentiary hearing under 9 U.S.C. § 4 in this case. This is not a case in which the making of the arbitration agreement is in issue as the term is used in the statute, but is instead a case in which the court must construe the meaning of the parties' agreement, which the parties agree that they signed.

*Perceptics Corp. v. Societe Electronique et Systemes Trindel*, 907 F. Supp. 1139, 1143 (E.D. Tenn. 1992).[2]

As to Plaintiffs' final contention that Defendant's *Motion to Stay and Compel Arbitration* (ECF #8), asking the Court to stay the case pending arbitration, amounts to an "attempt to avoid

---

perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that the arbitration proceed in the manner provided in the written agreement."

[2] While the provisions of 9 U.S.C. § 4 are similar in substance to those of Ohio Revised Code § 2711.03, as indicated in the Court's *Memorandum of Opinion and Order*, the Court found, for the purposes of Defendant's *Motion to Stay and Compel Arbitration* (ECF #8), that the parties agreed to arbitrate and that the arbitration provisions covers Plaintiffs' claims regarding the enforceability of the Loan Agreement's interest terms, the only term challenged by Plaintiffs' *Complaint*. (ECF #14, p.7, PageID #28).

judicial scrutiny, . . . urging the Court to essentially dismiss the case and force the parties into a private forum away from any public scrutiny," (*see* ECF #16, *Memorandum in Support of Motion for Reconsideration*, p.3, PageID #149), the Court does not find this to be a compelling reason to reconsider the conclusions reached in its *Memorandum of Opinion and Order* (ECF #14) and accompanying *Order* (ECF #15).

## III. CONCLUSION

Accordingly, for each of the above reasons, *Plaintiffs Juan Hernandez Negron and Jennifer Acevedo Delvalle's Motion for Reconsideration of Memorandum of Opinion and Order (ECF No. 14)*, (ECF #16), is DENIED.

IT IS SO ORDERED.

Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: May 13, 2025