IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JUAN HERNANDEZ NEGRON, et al., | ) CASE NO. 1:24 CV 02132 ) ) |
| Plaintiffs, | ) JUDGE DONALD C. NUGENT ) |
| v. | ) ) ) |
| FRANK & WOOLRIDGE CO., LPA, | ) ) **MEMORANDUM OF OPINION** |
| Defendants. | ) **AND ORDER** |

This matter is before the Court on *Plaintiffs Juan Hernandez Negron and Jennifer Acevedo Delvalle's Motion to Vacate Order Staying Case and Compelling Arbitration (ECF No. 15)*, (ECF #21) ("*Motion to Vacate Order*"), filed on October 1, 2025. Defendant Frank & Woolridge Co., LPA responded to the motion on November 17, 2025. (ECF #27, *Defendant's Memorandum in Opposition to Plaintiffs' Motion to Lift Stay [Doc. 21]*). Plaintiffs filed a reply on November 24, 2025. (ECF #28, *Reply in Support of Plaintiffs' Motion to Lift Stay and Reactivate Case on the Court's Docket*). Events occurring subsequent to the filing of Plaintiffs' motion appear to have resolved the issues on which Plaintiffs' motion was filed. Accordingly, the Court DENIES the *Motion to Vacate Order*, (ECF #21), as MOOT.

This case arises out of Plaintiffs' *Class Action Complaint for Damages* (ECF #1) ("*Complaint*"), filed on December 10, 2024, alleging that Frank & Woolridge violated the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, with respect to a Loan Agreement executed by Plaintiffs with Mariner Finance LLC ("Mariner Finance") on October 6, 2021 ("Loan Agreement").

Shortly after the filing of the *Complaint*, (ECF #1), on January 22, 2025, Frank & Woolridge moved to enforce the Arbitration Agreement found on page 3 of the four-page Loan Agreement (*see* ECF #1-1), and asked the Court to stay the action, and to compel binding arbitration, as required by the terms of the Loan Agreement. (ECF #8, *Defendant Frank & Woolridge Co., LPA's Motion to Stay and Compel Arbitration*).

The Court granted Defendant's *Motion to Stay and Compel Arbitration*, per a *Memorandum of Opinion*, (ECF #14), with accompanying *Order*, (ECF #15), issued on March 18, 2025. On June 12, 2025,[1] Plaintiffs commenced the arbitration process by sending a detailed e-mail notice to Defendant's counsel identifying the details of their claims, and inquiring whether Defendant might consider discussing an informal resolution to their claims prior to the commencement of arbitration. (*See* ECF #21, *Motion to Vacate Order*, p.3 [PageID #188] & ECF #28-1, copy of e-mail attached to *Plaintiffs' Reply* [PageID #222]). This was done in an effort to comply with a direction contained in the Arbitration Agreement, providing:

> **30 Days to Resolve Claims.** Before you start an arbitration, you agree to write to us at our address below (or any changed address that we have provided to you in writing) and give us a reasonable opportunity to resolve your Claim. Your letter must tell us your name and account number, describe your Claim, including the dollar amount of your Claim, and

---

[1] In the interim time between the Court's *Order* and Plaintiffs' e-mail, Plaintiffs filed a *Motion for Reconsideration of Memorandum of Opinion and Order (ECF No. 14)*, (ECF #16), which was thereafter responded to by Defendant, (*see* ECF #17). On May 13, 2025, the Court denied Plaintiffs' *Motion for Reconsideration*, per a *Memorandum of Opinion and Order*, (ECF #18), issued on that date.

> describe any other information you need from us. Before we start an
> arbitration, we must write to you at your address at the top of the note (or
> any changed address that you have told us about in writing), describe our
> Claim, including the dollar amount of our Claim, and give you a reasonable
> opportunity to resolve the Claim. We each have 30 days from receipt of
> notice to resolve the Claim before starting an arbitration.

(ECF #1-1, *Note, Security Agreement & Arbitration Agreement (Ohio)*, PageID #12-#13).

After receiving no response from Defendant to the June 12, 2025 e-mail for 30 days, Plaintiffs filed an arbitration demand with the American Arbitration Association ("AAA"). (*See* ECF #28, *Plaintiffs' Reply*, p.2 [PageID #216]). Plaintiffs describe the events surrounding their filing, and the AAA's eventual closing of the case, as follows:

> Following the Court's order, Plaintiffs acted promptly and in good faith.
> They first sent Defendant's counsel an email dated June 12, 2025 inviting
> Defendant to seek an informal resolution prior to the commencement of
> arbitration. After hearing nothing from Defendant, Plaintiffs then filed
> and served their arbitration demand, paid the required fees, and stood
> ready to pursue their claims before the American Arbitration Association
> ("AAA"), the forum specified by Defendant. Defendant, however, failed
> to participate meaningfully or otherwise comply with the jurisdiction's
> rules.
>
> First, AAA advised that Defendant had never filed the governing
> arbitration clause for consumer review and was therefore out of
> compliance with AAA's rules and requirements. AAA advised that an
> expedited review of their agreement would be required along with an
> additional fee to cure this defect. Next, AAA issued an invoice to
> Defendant related to its portion of the filing and review fees, giving at
> least 30 days to respond. Defendant ignored AAA's demands. Due to
> Defendant's disregard for its obligations, AAA declined to administer the
> case and closed its file. Only *after* closure of the file did Defendant finally
> offer to tender overdue fees but since AAA closed its file, AAA directed
> the parties to return to the Court.

(ECF #21, *Motion to Vacate Order*, pp.3-4 [PageID #188-#189]) (emphasis in original, references to attached exhibits omitted).

Plaintiffs later filed the instant *Motion to Vacate Order* (ECF #21), on October 1, 2025,

-3-

based on Defendant's alleged noncompliance with the demands of the arbitration process. In the briefing on that motion, Defendant put forward the following argument regarding its non-participation in the arbitration proceedings:

> Plaintiffs claim that they satisfied that condition precedent [the "30 Days to Resolve Claims" provision of the Arbitration Agreement] prior to starting arbitration when they sent an email to the undersigned. That email to counsel was not sent to 8211 Town Center Drive, Nottingham, MD 21236 as agreed in the arbitration agreement. Instead, Plaintiffs initiated arbitration with the American Arbitration Association ("AAA") without sending the notice as agreed. Plaintiffs' arguments failed to satisfy the condition precedent of providing written notice of their claim to the correct address.

(ECF #27, *Defendant's Memorandum in Opposition to Plaintiffs' Motion to Lift Stay [Doc. 21]*, p.2 [PageID #211]).

To this, Plaintiffs offered the following response:

> Defendant previously raised this same "lack of notice" argument in a motion filed on September 24, 2025, seeking to modify the Court's stay order. (ECF No. 19). Defendant withdrew that Motion immediately after the undersigned noted that Defendant's counsel had previously received the required pre-arbitration notice and that Defendant's motion lacked any factual or legal basis. Defendant's withdrawal, made only after being confronted with the June 12th notice, undermines its present position and confirms that Plaintiffs' notice was properly sent and received.
>
> \* \* \* \* \*
>
> Defendant's response ignores the fact that Defendant had actual notice of the Plaintiffs' claims and, to the extent Defendant objected to ***how*** that notice had been delivered, Defendant had the opportunity to raise that technicality with AAA.

(ECF #28, *Plaintiffs' Reply*, pp.1-2 n.1 & p.2 [PageID #215-#216]) (emphasis in original).

Presented with these arguments, the Court set a status conference with the parties for December 8, 2025, to address the issues raised in the briefing on Plaintiffs' *Motion to Vacate*

*Order*. Following the conference, the Court issued a "Minutes of Proceedings" noting "Telephonic status held with all counsel participating. Court to rule on Plaintiffs' Motion to Vacate Arbitration Referral." (ECF #30, *Minutes of Proceedings*, dated December 8, 2025).

Within an hour of the completion of the status conference (in fact, even before the *Minutes of Proceedings* was formally docketed), Defendant filed a *Notice of Initiation of Arbitration*, (ECF #29), stating "Now comes Defendant Frank & Woolridge Co., LPA, by counsel, and respectfully gives notice that it has initiated arbitration with the American Arbitration Association as of December 8, 2025, with AAA Case Number 1-25-000-92272, paying the required fee and submitting Plaintiffs' claim."

Thus, it appears that the parties are now jointly proceeding to arbitration as directed by the Court's *Order* of March 18, 2025, (ECF #15), effectively rendering the *Motion to Vacate*, (ECF #21), moot as to any matter now before this Court.

Accordingly, Plaintiffs' *Motion to Vacate Order Staying Case and Compelling Arbitration (ECF No. 15)*, (ECF #21), is hereby DENIED as MOOT.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: *December 16, 2025*