IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JUAN HERNANDEZ NEGRON, et al., | ) CASE NO. 1:24 CV 02132 ) ) |
| Plaintiffs, | ) JUDGE DONALD C. NUGENT ) |
| v. | ) MEMORANDUM OF OPINION ) AND ORDER: |
| FRANK & WOOLRIDGE CO., LPA, | ) |
| Defendants. | ) (1) Withdrawing and Vacating *Order* of December 16, 2025 (ECF #31) Denying Plaintiffs' *Motion to Vacate Order Staying Case and Compelling Arbitration* on the Ground that the Issues Raised in Plaintiffs' Motion Were *Moot*; ) ) (2) Denying Plaintiffs' *Motion to Vacate Order Staying Case and Compelling Arbitration on the Merits*; ) ) (3) Ordering Parties to Continue Efforts to Proceed to Arbitration as Ordered by the Court's *Order* of March 18, 2025 Staying Case and Compelling Arbitration; ) ) *and* |

|   |   |
|---|---|
| ) | **(4) Denying Plaintiffs' *Motion*** |
| ) | ***for Certification on*** |
| ) | ***Interlocutory Appeal*** |
| ) | ***Under 28 U.S.C. § 1292(b).*** |
| ) |   |
| ) |   |
| ) | (*This Order Applies to Documents* |
| ) | ECF #21, ECF #31, and ECF #32) |

This matter is before the Court on *Plaintiffs' Motion for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b)*, (ECF #32), filed by Plaintiffs Juan Hernandez Negron and Jennifer Acevedo Delvalle (collectively, "Plaintiffs") on the late afternoon of December 24, 2025, seeking to immediately appeal the Court's *Order* of December 16, 2025, which denied Plaintiffs' *Motion to Vacate Order Staying Case and Compelling Arbitration* (ECF #21) as moot based on the fact that, immediately subsequent to a case status conference held before the Court on December 8, 2025 (ECF #31), Defendant Frank & Woolridge Co., LPA ("Frank & Woolridge" or "Defendant") filed a *Notice of Initiation of Arbitration* (ECF #29) "giv[ing] notice that it has initiated arbitration with the American Arbitration Association [("AAA")] as of December 8, 2025, with AAA Case Number 1-25-000-92272, paying the required fee and submitting Plaintiffs' claim." (ECF #29, p.1, PageID #225) (inserts supplied).

Plaintiffs, in alternative to "jointly proceeding to arbitration as directed by the Court's *Order* of March 18, 2025, (ECF #15)," (*see Memorandum of Opinion and Order*, dated December 16, 2025, p.5, PageID #231), now, "individually and on behalf of all those similarly situated," (ECF #32, p.*vi*, PageID #237), "seek an immediate appeal of the following question," (*id.*):

> Whether a motion to vacate an earlier order staying the action and compelling arbitration is rendered moot when, after months of

> noncompliance that led AAA to close the file, the party who obtained the stay belatedly initiates a new AAA proceeding on the same day as a court status conference; or whether the district court must decide the pending motion on the merits – including arguments that the stay should be lifted or modified based on delay, waiver, failure to comply with arbitral-administration requirements, and frustration of the Court's prior order – rather then deeming the motion moot solely because a new arbitration was later filed.

(ECF #32, *Plaintiffs' Motion for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b)*, p.*vi*, PageID #237).

This Court finds, after consideration of the briefing on the pending *Motion for Certification of Interlocutory Appeal* (ECF #32), that the most efficient and productive course is to now simply VACATE and WITHDRAW its earlier *Order* of December 16, 2025, finding the issues raised in the *Motion to Vacate Order Staying Case and Compelling Arbitration* (ECF #21) **as moot**, which *Order* was based on the fact that "the parties are now jointly proceeding to arbitration as directed by the Court's *Order* of March 18, 2025, (ECF #15)," (*see Memorandum of Opinion and Order*, dated December 16, 2025, p.5, PageID #231). That *Order* was itself issued in the interests of fair, efficient, and productive evaluation of the case before it, as it appeared there was no need to evaluate the competing, and imperfect as to both sides, arguments raised in the briefing of the *Motion to Vacate Order Staying Case*. However, given Plaintiffs' recent filing, the Court will instead provide Plaintiffs with the resolution they ultimately seek with their *Motion for Certification of Interlocutory Appeal*: a ruling **on the merits** of their *Motion to Vacate Order Staying Case and Compelling Arbitration* (ECF #21).[1]

---

[1] While the Court chose to wait a period of seven days after the filing of Plaintiffs' *Motion for Certification of Interlocutory Appeal* before issuing this ruling – to determine if Defendant intended to file a response – with this ruling, there is no true need to await the time periods described in Local Rule 7.1(g) normally allotted for the filing of an opposition brief (and a reply

There is thus no remaining "need" – or even a basis – for Plaintiffs to seek an interlocutory appeal to raise a question based on an issue that no longer exists (the Court's finding of mootness) with the vacating and withdrawal of the previous order, and the entry of this *Order* addressing the merits of the issues raised in the briefing on Plaintiffs' *Motion to Vacate Order* (ECF #21). Accordingly, the *Motion for Certification of Interlocutory Appeal* (ECF #32) will be DENIED.

For the reasons stated below, and based on the arguments made in the full briefing on Plaintiffs' *Motion to Vacate Order* (ECF #21), the *Motion to Vacate Order* is hereby DENIED ON THE MERITS.

Familiarity with the facts of the case, the history of this litigation, and the arguments made in the various briefings submitted to the Court throughout the course of this litigation, is assumed without the need to repeat them here.

The truth is that, with respect to Plaintiffs' *Motion to Vacate Order* (ECF #21), *neither* Plaintiffs *nor* Defendant followed the Court's *Order* of March 18, 2025 with entirely "clean hands" or good faith compliance with the Court's order compelling arbitration, such as to entitle *either* party to a ruling entirely in agreement with the positions taken by them.

Plaintiffs, *after being ordered to commence arbitration* under the provisions of the Arbitration Agreement contained in the Loan Agreement (ECF #1-1) between them and the

---

brief on opposed motions), as this *Order* is, in substance, the "merits ruling" on the earlier-filed *Motion to Vacate Order* (ECF #21) that Plaintiffs seek. It is also one which vacates entirely the December 16, 2025 *Order* on which Plaintiffs' *Motion for Certification of Interlocutory Appeal* (ECF #32) is based. (*See* N.D. Ohio L. Rule 7.1(g) ("The Judicial Officer may rule on unopposed motions without hearing at any time after the time for filing an opposition has expired. The Judicial Officer may also rule on any opposed motion without hearing at any time after the time for filing a reply memorandum has elapsed.").

lender/creditor (Mariner Finance LLC, whose contract with Plaintiffs is the central issue on which all of Plaintiffs' claims revolve, including the Fair Debt Collection Practices Act claim brought against Defendant Frank & Woolridge, a collection law firm), did eventually initiate proceedings before the AAA, but it never *truly* complied with the *actual* written terms of the Arbitration Agreement governing the prerequisite actions necessary to initiate arbitration, which provided:

> **30 Days to Resolve Claims.** Before you start an arbitration, you agree to write to us [Mariner Finance LLC] at our address below (or any changed address that we have provided to you in writing) and give us a reasonable opportunity to resolve your Claim. Your letter must tell us your name and account number, describe your Claim, including the dollar amount of your Claim, and describe any other information you need from us. Before we start an arbitration, we must write to you at your address at the top of the note (or any changed address that you have told us about in writing), describe our Claim, including the dollar amount of our Claim, and give you a reasonable opportunity to resolve the Claim. We each have 30 days from receipt of notice to resolve the Claim before starting an arbitration.

(ECF #1-1, *Note, Security Agreement & Arbitration Agreement (Ohio)*, PageID #12-#13) (inserts supplied).

Instead, Plaintiffs commenced the arbitration process by sending a detailed *e-mail* "notice" to *Defendant Frank & Woolridge's counsel* identifying the details of their claims, and inquiring whether Defendant Frank & Woolridge might consider discussing an informal resolution to Plaintiffs' claims prior to the commencement of arbitration. (*See* ECF #21, *Motion to Vacate Order*, p.3 [PageID #188] & ECF #28-1, copy of e-mail attached to *Plaintiffs' Reply* [PageID #222]). Regardless of whether a court might find that such e-mail provided "actual notice" to *Defendant Frank & Woolridge* (or to Mariner Finance LLC), the inescapable truth is that Plaintiffs did not comply with the ***actual*** prerequisite conditions to initiating arbitration as

-5-

the Court had ordered.

It is also true that Plaintiffs' position throughout this litigation has been a claimed "ultimate entitlement" to bypass the Arbitration Agreement provisions of the Loan Agreement, a position commencing well before the filing of their *Motion to Vacate Order* (ECF #21), as evidenced by their initial filing of a "*Class Action Complaint for Damages*" (ECF #1), despite the existence of the Arbitration Agreement and its explicit provisions waiving the right to class action claims or participation in arbitration or "any other consolidated proceeding" seeking class action, and the arguments made in their opposition to Defendant's *Motion to Stay and Compel Arbitration* (ECF #8) as well as their *Motion for Reconsideration* (ECF #16) – which actions perhaps call into question the "good faith" of their ultimate decision to not follow the easy-to-satisfy and *actual* (even if technical) pre-filing notice provisions of the Arbitration Agreement only to then later rely on an arguable "actual notice" argument based on their counsel's e-mail to an entity not named in the Arbitration Agreement.

On the other hand, Defendant Frank & Woolridge, after having received what *arguably* "could be" (but the Court not explicitly ruling so here) found by the Court to be "actual notice" sufficient to initiate the later filing of the ordered arbitration proceedings, chose instead to ignore requests by the AAA to pay its share of the arbitration fees or to submit documents requested by the AAA Case Manager, (*see* ECF #21-1, *Letter from AAA to Parties*, dated August 7, 2025), ultimately leading the AAA to close its case file, (*see* ECF #21-2, *Letter from AAA to Parties*, dated September 9, 2025), based on what might be seen as *post hoc* arguments of "improper notice." (*See* ECF #27, *Defendants' Memorandum in Opposition to Plaintiffs' Motion to Lift*

-6-

*Stay [Doc. 21]*, pp.1-2, PageID #213-#214).²

---

²     The Court states *"post hoc"* here based on its observations, as set forth in its December 16, 2025 *Order* (ECF #31):

> In the briefing on that motion [Plaintiffs' *Motion to Vacate Order* (ECF #21)], Defendant put forward the following argument regarding its non-participation in the arbitration proceedings:
>
>> Plaintiffs claim that they satisfied that condition precedent [the "30 Days to Resolve Claims" provision of the Arbitration Agreement] prior to starting arbitration when they sent an email to the undersigned. That email to counsel was not sent to 8211 Town Center Drive, Nottingham, MD 21236 as agreed in the arbitration agreement. Instead, Plaintiffs initiated arbitration with the American Arbitration Association ("AAA") without sending the notice as agreed. Plaintiffs' arguments failed to satisfy the condition precedent of providing written notice of their claim to the correct address.
>
> (ECF #27, *Defendant's Memorandum in Opposition to Plaintiffs' Motion to Lift Stay [Doc. 21]*, p.2 [PageID #211]).
>
> To this, Plaintiffs offered the following response:
>
>> Defendant previously raised this same "lack of notice" argument in a motion filed on September 24, 2025, seeking to modify the Court's stay order. (ECF No. 19). Defendant withdrew that Motion immediately after the undersigned noted that Defendant's counsel had previously received the required pre-arbitration notice and that Defendant's motion lacked any factual or legal basis. Defendant's withdrawal, made only after being confronted with the June 12th notice, undermines its present position and confirms that Plaintiffs' notice was properly sent and received.
>
> \* \* \* \* \*
>
> Defendant's response ignores the fact that Defendant had actual notice of the Plaintiffs' claims and, to the extent Defendant objected to *how* that notice had been delivered, Defendant had the opportunity to raise that technicality with AAA.

Thus, neither party established a clear basis for a ruling in their favor on the *Motion to Vacate* (ECF #21). It was, with this in mind, that the Court issued its *Order* of December 16, 2025, believing it was the fairest, most efficient, and productive evaluation of the case before it, to not formally rule on the "merits" of either party's imperfect arguments, as the initiation of arbitration immediately after the December 8, 2025 case management conference supported a finding that it was no longer necessary to do so based on what appeared to be the parties' decision to jointly proceed to arbitration as directed by the Court's *Order* of March 18, 2025. (*See Memorandum of Opinion and Order*, dated December 16, 2025, p.5, PageID #231).

Plaintiffs' *Motion for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b)*, (ECF #32), now causes the Court to find that the best course is to issue a formal ruling on the "imperfect arguments" put forward by each side related to the *Motion to Vacate* (ECF #21). In doing this, the Court keeps foremost in mind that "in light of the policy favoring arbitration, a party arguing waiver bears a 'heavy burden,'" *Debois, Inc. v. Guy*, 161 N.E.3d 99, 105 (Ohio Ct. App., 8th Dist., 2020) (citations omitted),[3] as well as the findings made in its *Memorandum of Opinion and Order*, dated March 18, 2025 (ECF #14), that:

> "An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582-83 (1960); *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986). Federal courts routinely recognize that claims based on a debt-collector's alleged wrongdoing in attempting to collect a debt necessarily

---

(ECF #28, *Plaintiffs' Reply*, pp.1-2 n.1 & p.2 [PageID #215-#216]) (emphasis in original).

[3] *See* ECF #14, *Memorandum of Opinion and Order*, dated March 18, 2025, p.21, PageID #142.

> "relate" to the debtor's "account" with the original creditor and therefore must be arbitrated in the face of a valid arbitration agreement governing claims related to the debtor's account. *Cronin v. Portfolio Recovery Assocs., LLC*, No. 15-CV-00786, 2016 U.S. Dist. LEXIS 57541, at *3 (M.D. Fla. Apr. 29, 2016); *Marcario v. Midland Credit Mgmt., Inc.*, No. 17-CV-414, 2017 U.S. Dist. LEXIS 175129, at *13 (E.D.N.Y. Oct. 23, 2017); *St. Pierre v. Advanced Call Ctr. Techs., LLC*, No. 15-CV-02415, at *7-*8 (D. Nev. Nov. 22, 2016).

(ECF #14, *Memorandum of Opinion and Order*, dated March 18, 2025, p.19, PageID #140).

These considerations, as well as the fact that Plaintiffs' arguments on their *Motion to Vacate* (ECF #21) do not compel, or inevitably support, a finding that Defendant waived its right to ultimately participate in arbitration based on its reliance on an argument (albeit perhaps hyper-technical) that Plaintiffs did not fully satisfy the necessary prerequisite notice conditions of the "30 Days to Resolve Claims" provision of the Arbitration Agreement, lead the Court to the conclusion that Plaintiffs' *Motion to Vacate* (ECF #21) should be denied on the merits, and to the further conclusion that the parties (and particularly Defendant Frank & Woolridge) be ordered to continue to proceed to arbitration as initially ruled in the Court's *Order* of March 18, 2025 (ECF #15), including engaging in efforts that the parties work together to reinitiate the arbitration proceedings before the AAA – an action which appears to be successfully accomplished with the representations contained in Defendant's *Notice of Initiation of Arbitration*, (ECF #29), filed on December 8, 2025.

Accordingly, the Court:

(1) **VACATES** and **WITHDRAWS** its *Order* of December 16, 2025 (ECF #31) denying Plaintiffs' *Motion to Vacate Order Staying Case and Compelling Arbitration* (ECF #21) on the ground that said motion was ***moot*** based on it appearing that the parties were then jointly proceeding to arbitration as directed by the Court's *Order* of March 18, 2025, (ECF #15);

(2) **DENIES** Plaintiffs' *Motion to Vacate Order Staying Case and Compelling Arbitration* (ECF #21) ***on the merits***;

(3) **ORDERS** the parties to continue efforts to proceed to arbitration as ordered by the Court's *Order* of March 18, 2025 (ECF #15), including taking any actions needed to reinitiate proceedings before the American Arbitration Association; and

(4) **DENIES** Plaintiffs' *Motion for Certification on Interlocutory Appeal Under 28 U.S.C. § 1292(b)* (ECF #32).

This case shall remain STAYED pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, pending completion of binding arbitration proceedings.

The parties are further instructed to notify the Court of any settlement occurring prior to or during the process of arbitration, or upon the completion or other resolution of the arbitration process.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: January 7, 2026